UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    DEBORAH LYNN KIND,                  Case No. 05-36498-dof
                                               Chapter 7 Proceeding
             Debtor.                                Hon. Daniel S. Opperman
_____/

COLLENE K. CORCORAN, Trustee,

    Plaintiff,

v.                                                                                            Adversary Proceeding No. 06-3231-dof

DEBORAH LYNN KIND,

    Defendant.
_____/

## OPINION SUSTAINING TRUSTEE'S OBJECTION TO
## DEBTOR'S DISCHARGE UNDER 11 U.S.C. § 727(a)(3)

Plaintiff, Collene K. Corcoran, the Chapter 7 Trustee in this estate, initiated this adversary proceeding requesting a determination that Defendant, Deborah Lynn Kind, is not entitled to receive a discharge under 11 U.S.C. § 727(a)(2), (3), (4)(A), (4)(D) or (5). Prior to the May 20, 2008, trial in this matter, the parties submitted a Joint Final Pre-Trial Order in which the parties stipulated to certain undisputed facts as follows.

On October 13, 2005 (the "Petition Date"), Deborah Lynn Kind (the "Debtor"), in pro per, filed a voluntary petition under Chapter 7 of the Code. The Court dismissed the Debtor's bankruptcy case on November 9, 2005, due to her failure to file certain required pleadings. On May 4, 2006, the Debtor's bankruptcy case was reinstated upon motion filed by the Debtor. On July 10, 2006, the Debtor's first meeting of creditors pursuant to 11 U.S.C. § 341 ("341 Meeting") was held. Debtor failed to bring certain documents as required by E.D. Mich. LBR 2003-2, which resulted in the adjournment of the 341 Meeting to July 24, 2006. At the Debtor's adjourned 341 Meeting on

1

July 24, 2006, Debtor again failed to bring documents as required by E.D. Mich. LBR 2003-2. Plaintiff further adjourned the meeting to August 7, 2006. Through Plaintiff's questioning of Debtor at her adjourned 341 Meeting on July 24, 2006, and through subsequent investigations conducted by Plaintiff and her counsel, Plaintiff discovered that the Debtor failed to disclose the following assets on her Schedules:

| Asset Type | Description |
| --- | --- |
| Real property | 3075 E. Michigan Ave., Ypsilanti, MI (vacant lots) |
| Real property | 529 Tyler Rd., Ypsilanti, MI (improved) |
| Real property | 116 N. Michigan Ave., Howell, MI (improved) |
| Real property | 5522 N. Dort Highway, Flint, MI (improved) |
| Real property | 5201 N. Dort Highway, Flint, MI (trailer park) |
| Real property | Land contract vendee's interest in 45580 18th Avenue, Bloomingdale, MI (campground) |
| Real property | Vacant property located in Panama City, Bay County, FL, Parcel No. 02408-000-000 |
| Real property | Vacant property located in City of Elmer, Oscoda County, MI, Tax I.D. # 68-004-017-011-50 |
| Real property | Vacant property located in Raisinville Township, Monroe County, MI Tax I.D. # 13-460-047-00 |
| Real property | Lessor's interest in lease for 116 N. Michigan Ave., Howell, MI and associated monthly rental payments |
| Real property | Lessor's interest in lease for 5522 N. Dort Highway, Flint, MI and associated monthly rental payments |
| Real property | Lessor's interest in lease for 5201 N. Dort Highway, Flint, MI and associated monthly rental payments |
| Personal property | Debtor's 100% membership interest in Christopher Lewis Salon & Day Spa, LLC |
| Personal property | Debtor's 100% shareholder interest in Christopher Lewis Salon & Day Spa, Inc. |

| Asset Type | Description |
|---|---|
| Personal property | Debtor's 100% shareholder interest in Delight on the Avenue, Inc. |
| Personal property | Debtor's 100% shareholder interest in Kind Community, Inc. |
| Personal property | Debtor's 50% membership interest in Savannah West, LLC |
| Personal property | 2001 Harley Davidson FLSTS Motorcycle VIN: 1HD1BRY141Y032449 |
| Personal property | 1963 Oldsmobile Jetfire Sedan VIN 631M50282 |
| Personal property | 1984 Cadillac Eldorado VIN 1G6AL5781EE654734 |
| Personal property | 1999 Pace American Trailer VIN: 40LWB2020XP047655 |
| Personal property | 1996 Mazda Millenia |
| Personal property | 2004 Ford F350 |
| Personal property | Debtor's pre-bankruptcy sale of 3075 E. Michigan Avenue, Ypsilanti, MI, pursuant to the Contract for Purchase of Real Estate dated January 24, 2005, as amended, and her interest in a $5,000.00 non-refundable deposit |

The Debtor subsequently retained an attorney. On August 3, 2006, she filed a motion to dismiss her Chapter 7 bankruptcy case, which the Court denied. On August 7, 2006, the Debtor's adjourned 341 Meeting was again held. Plaintiff further adjourned the meeting to September 18, 2006, because the Debtor again failed to bring required documents. On September 8, 2006, Plaintiff filed her Complaint in this adversary proceeding.

In addition to the facts stipulated by the parties, the Court makes the following findings of fact. The Debtor owned a 100% membership interest in Christopher Lewis Salon & Day Spa, LLC, as well as 100% shareholder interest in Christopher Lewis Salon & Day Spa, Inc., Delight on the

Avenue, Inc., and Kind Community, Inc. The Debtor also held a 50% membership interest in Savannah West, LLC. The Debtor also held a lessor's interest in various leases on properties commonly known as 116 N. Michigan Ave., Howell, MI; 5522 N. Dort Highway, Flint, MI; and 5201 N. Dort Highway, Flint, MI.

Trustee Corcoran testified that in administering this estate she did not receive corporate records from the Debtor, failed to receive an accounting of monies or rents received from the Debtor, and ultimately only received records when she obtained physical control and possession of various businesses listed above of the Debtor. The Debtor, however, testified that whatever documents she had she delivered to her previous attorney, Mr. Christian, but the Debtor was uncertain as to the whereabouts of these documents and could offer no explanation as to why the Trustee did not receive the documents other than to blame her previous attorney.

Trustee Corcoran also testified that she never received rents for rental property of the Debtor, specifically the 5522 N. Dort Highway, Flint, MI; and 5201 N. Dort Highway, Flint, MI locations. Moreover, Trustee Corcoran testified that in addition to not receiving an accounting of any rents received by the Debtor, she did not receive a tenant list for properties leased by the Debtor. Finally, Trustee Corcoran testified that she was never informed by the Debtor of the pre-petition purchase agreement regarding the 3075 E. Michigan Avenue, Ypsilanti, MI property, as well as the Debtor's interest in the $5,000.00 non-refundable deposit until completion of her investigation.

<u>Statement of Authority and Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and § 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Neither party contests the jurisdiction of the Court.


Analysis and Conclusions of Law

11 U.S.C. § 727(a) provides that a debtor is entitled to a discharge unless one or more of twelve exceptions is met. Although exceptions to discharge are strictly construed *see Rembert v. AT&T Universal Card Services, Inc.,* (*In re Rembert*), 141 F.3d 277, 281 (6th Cir. 1998), "a discharge in bankruptcy is a privilege, not a right, and should only inure to the benefit of the honest debtor." *Wazeter v. Michigan National Bank (In re Wazeter)*, 209 B.R. 222, 226 (W.D. Mich. 1997) (citation omitted).

11 U.S.C. § 727(a)(3) of the Code provides that the court shall grant a debtor a discharge unless:

> the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

A condition precedent to discharge is that the Debtor must provide to her creditors enough information to ascertain the debtor's financial condition and to track her finances with substantial accuracy for a reasonable period in the past to the present. *Wazeter*, 209 B.R. at 227 (citing *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996)). Creditors and courts are not required to speculate regarding the financial condition and history of the debtor or to reconstruct the debtor's financial affairs. *Id.* Intent is not an element of a Section 727(a)(3) exception to discharge. *Id.*

> A debtor is not required to keep books or records in any particular form, nor do the creditors have to establish an intent to conceal the financial condition, as long as complete disclosure is made so that the creditors are not required to guess at what actually occurred.

*United States Fidelity Guaranty v. Delancey* (*In re Delancey*), 58 B.R. 762, 768 (Bankr. S.D.N.Y. 1986).

The party seeking the denial of a discharge under § 727(a)(3) has the burden of proving the

5

concealment of, or the inadequacy of the debtor's records. Fed.R.Bankr.P. 4005. The elements of a violation of 11 U.S.C. § 727 must be proven by a preponderance of the evidence to merit denial of discharge. *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 683 (6th Cir. 2000) (citing *Barclays/American Bus. Credit, Inv. v. Adams (In re Adams)*, 31 F.3d 389, 394 (6th Cir. 1994)). To determine whether the debtor's records are adequate, courts examine whether the records are the type "kept by a reasonably prudent debtor with the same occupation, financial structure, education, and experience." *Wazeter*, 209 B.R. at 227 (quoting *In re Wynn*, 205 B.R. 97, 101 ((Bankr. N.D. Ohio 1997)). "Where debtors are sophisticated in business, and carry on a business involving significant assets, creditors have an expectation of greater and better record keeping." *Union Planters Bank, N.A. v. Connors*, 283 F.3d 896, 900 (7th Cir. 2002) (citation omitted).

Once the moving party shows that there is not sufficient written evidence to ascertain the debtor's financial condition and history, then the burden shifts to the debtor to show that his failure to keep adequate records was justified in the circumstances. *Wazeter*, 209 B.R. at 227. To determine whether the inadequacy of the debtor's records was justifiable, courts look at a variety of factors, including the debtor's education, sophistication, business experience, size and complexity of the debtor's business, debtor's personal financial structure, and any special circumstances. *Wazeter*, 209 B.R. at 230. *See (In re Dolin) also Dolin v. Northern Petrochemical Co.*, 799 F.2d 251 (6th Cir. 1986) (debtor's drug and gambling addictions did not justify his difficulty in recording his business transactions).

The record overwhelmingly demonstrates that in this case, Trustee Corcoran did not receive documents of the Debtor regarding her ownership interests in various limited liability companies and corporations from the Debtor. Some of these documents were not obtained by the Trustee until she took the necessary and appropriate action to obtain possession of the businesses. When Trustee Corcoran did so, she then, for the first time, obtained the necessary information in the form of

6

business records to allow her to complete the administration of the estate. From the record, this Court cannot determine how the records, if originally delivered by the Debtor to one of her attorneys, subsequently reappeared at the various business locations where the limited liability companies and corporations controlled or owned by the Debtor operated. Since these documents did exist, but were not tendered to the Trustee, it is clear that the Debtor, at best, failed to keep or preserve recorded information as required by 11 U.S.C. § 727(a)(3) or, at worst, concealed this information.

As testified by Trustee Corcoran, some records of the Debtor were never recovered. For example, an elementary listing of the tenants, addresses, and basic lease terms for properties partially owned or controlled by the Debtor was never provided by the Debtor. Again, Trustee Corcoran had to resort to the extraordinary means of obtaining some information from other co-owners; the rest was simply never obtained by Trustee Corcoran, through no fault of her own. Likewise, the Court concludes that the Debtor, at best, failed to keep or preserve recorded information or, at worst, concealed or destroyed this information.

Pursuant to *In re Wazeter*, Trustee Corcoran has shown that there was insufficient written evidence to ascertain the Debtor's financial condition history. The burden of proof then shifts to the Debtor to come forward with evidence to show that the failure to keep adequate records was justified under the circumstances. Accordingly, this Court is charged with the duty to review the various factors, including the Debtor's education, sophistication, business experience, the complexity of the Debtor's business, and any other special circumstances that may exist.

In this case, the Debtor testified that she had some post-high school education and relied upon others to do her bookkeeping and provide other financial services and business advice. The Court notes that the Debtor also had the benefit of the legal services of John Drury, an attorney that she knew for years and who she identified as her business attorney. This testimony demonstrates

that the Debtor is a generally knowledgeable person with specific knowledge of particular business matters and one who had sought the advice of others in various business matters.

As to the complexity of the Debtor's businesses, the Debtor generally ran either personal service businesses or was engaged in various real estate ventures. On the face, none of these business enterprises appear to be complex. After consideration of all of these transactions, however, the Court does not find that any of the Debtor's enterprises, or the methods in which she conducted business, constitute a special circumstance to justify the Debtor's inability in recording business transactions or delivering that information to Trustee Corcoran. After examination of all of the evidence and testimony, the Court concludes that the Debtor's actions in this case indicate a complete failure to adequately maintain her business records and establish that she attempted to conceal records about the nature and extent of her business transactions from the Trustee and her creditors. Without this information, Trustee Corcoran and Debtor's creditors were required to guess about Debtor's business enterprises and the extent of Debtor's financial condition. Accordingly, the Court concludes that the Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

Given the conclusion of the Court as to the Trustee's claims pursuant to 11 U.S.C. § 727(a)(3), analysis of the remaining claims of the Trustee is unnecessary and moot.

An appropriate Order will enter.

**Signed on August 12, 2008**

                                                        **/s/ Daniel S. Opperman**
                                                       **Daniel S. Opperman**
                                                       **United States Bankruptcy Judge**